|   |     |
|---|-----|
| 9 | 267 |
| 108 | 483 |

## GLADSON, Administrator, v. WHITNEY, et al.

1. ADMINISTRATOR: REAL ESTATE. An administrator can exercise no control over the estate of the decedent, unless it is necessary to procure the payment of debts.

2. WHEN HE MAY MAINTAIN AN ACTION. If a bill filed by an administrator to remove a cloud from the real estate of the decedent, does not set up a full statement of the claims against the estate, with an account of the disposition made of the personalty, it should be dismissed.

3. ALLEGATIONS. An allegation "that there are no assets belonging to the estate which are now tangible, out of which the claims against it may be paid" is insufficient. If no personalty belonging to the estate has ever been found by the administrator, that fact should be clearly and definitely alleged.

4. PARTIES. The heirs of the decedent must be made parties to a bill by the administrator to remove a cloud from the title of the real estate of decedent and subject the same to the payment of debts.

5. EXISTENCE OF HEIRS PRESUMED. The existence of heirs will be presumed unless the contrary is made to appear.

*Appeal from Monroe District Court.*

THURSDAY, OCTOBER 13.

Gladson, Administrator, v. Whitney, et al.

In EQUITY. Complainant sets up that the intestate, for the purpose of defrauding his creditors, conveyed certain lands to one Whitney, who afterwards conveyed the same to his grantor's wife. Whitney and decedent's widow are made parties respondents. The widow makes default. Whitney answers, admitting the facts charged, except that of fraud on his part, confessing ignorance until after the deed was made to him. The bill was dismissed. Complainant appeals.

*T. B. Perry*, for the appellant, cited 6 Yerger 53; *Hinton* v. *Cole*, 3 Humph. 656; *Hubbell* v. *Pratt*, 1 Root 518.

No appearance for the appellee.

WRIGHT, C. J.—This bill was filed in the District Court, and the object of it is to remove a cloud upon the title to certain lands, and to subject them to the payment of the intestate's debts. We are not advised upon what ground the bill was dismissed in the court below, but we suppose it to have been upon the general one, that it did not make a case entitling complainant to the relief sought. Upon one ground, at least, to say nothing of others, we think this ruling was right. Appellant concedes, and in his argument cites authorities to show that an administrator has nothing to do with the real estate, or to interfere with the title, except as it is wanted for the benefit of creditors, or to pay debts. And this rule is fatal to his bill.

To give him this right he must make a full statement of the claims against the estate, and a like account of the disposition made of the personalty. No order can be made upon the subject until all persons interested are properly notified. Code, section 1342–4. The bill in this case fails to show anything of the kind. It is true that it is stated that decedent was in debt to the amount of about four hundred dollars, and that these debts remain unpaid. But notwithstanding the administrator was appointed eight months before filing the bill, it is not shown what these claims

are, who they are owing to, nor that one dollar had ever been presented to the county court, or complainant, for allowance, nor that any sum had been allowed. And while the administrator is excused from showing the disposition made of the personalty, if none is found, its existence should be more clearly negatived than is done in this case. It is "averred that there are no assets belonging to the estate, which are now tangible, out of which the claims against the estate may be paid;" an averment which is very far from being sufficient to justify the court in giving the administrator power to interfere with the realty; not only so, but the heirs (and we are bound to presume their existence,) are not made parties. They are parties directly interested, and no decree could be made, as prayed, until they were brought in; for this reason, therefore, we think the bill was very properly dismissed.

It is suggested that the respondents (the one to whom decedent conveyed and the one now holding the title,) are willing that the decree should be made as prayed. This does not appear from the records. If it be true, however, that they are thus willing, we cannot conceive why complainant should appeal to the courts, to compel parties to do that which they are (according to his argument,) both able and willing to perform.

Decree affirmed.