IN RE ESTATE OF DENNIS.

1. **Estates of Decedents:** ALLOWANCE TO WIDOW AND CLAIM AGAINST ESTATE: PRIORITY. An allowance made by the court to the widow of a decedent, under Code, § 2375, unless modified by the provisions of Code, § 2377, must be paid in preference to a claim of a creditor of the decedent, filed and allowed as a claim against the estate; and the administrator has no power to contract with a creditor that his claim shall have preference; nor has the court power, upon the allowance of such claim, to order that it shall be paid first.

*Appeal from Polk Circuit Court.*

WEDNESDAY, OCTOBER 7.

THE facts are stated in the opinion.

*Barcroft & Bowen,* for appellants.

*Finkbine & McClelland,* for appellee.

SEEVERS, J.—In April, 1884, C. D. Reinking was appointed administrator of the estate of S. E. Dennis. A few days thereafter the defendant, O. J. Dennis, the widow of the deceased, made an application to the circuit court for an allowance for her support for twelve months, and the following order was made in relation thereto: "The administrator is authorized to pay to the widow $20, out of the funds in his hands, per month for each month from the death of S. E. Dennis until further order of this court." A few days afterwards S. A. Robertson filed a claim against the estate, and in November following the claim was allowed, and the administrator was directed to pay said claim in full out of any funds in his hands belonging to the estate. In relation to this claim the court made a finding of facts, the material portions of which are that Dennis in his life-time contracted with the Rev. A. L. Frisbie for the construction of a church, and he contracted with Robertson to furnish certain mate-

rials for, and perform labor in, the construction of such building, and by reason thereof Dennis, at his death, was indebted to Robertson. Frisbie was also indebted to Dennis for the construction of the church. The administrator, Robertson and Frisbie met for the purpose of adjusting the indebtedness. The administrator represented that the estate was solvent, and that the claim would be paid in full, and further stated that he "desired Robertson not to file a mechanic's lien against the building, * * * as the same would create unnecessary expense, * * * and that there was no necessity therefor." Because of said representations Robertson abandoned his intention of filing a mechanic's lien against the building, but filed his claim against the estate.

At the time of making the representations the administrator believed the estate was solvent, but, in fact, it was insolvent, and there are not sufficient funds in the hands of the administrator to pay the allowance made the widow and the amount allowed Robertson; besides which, there are other claims against the estate which have been filed and allowed. Frisbie paid the administrator the amount due Dennis under the contract. In January, 1885, Mrs. Dennis stated to the court that the administrator refused to pay a portion of the allowance made to her, and asked an order requiring him to do so. As an excuse for not paying the allowance made the widow, the administrator set up the allowance made Robertson, and, as he did not have funds to pay both in full; he asked the court to order which should be first paid. The court ordered that the allowance made Robertson should first be paid in full, and the administrator and widow both appeal.

The statute provides that the court shall, if necessary, set off to the widow * * * of the decedent * * * sufficient of his property of such kind as it shall deem appropriate to support her for twelve months from the time of his death. Code, § 2375. Acting under

this statute, the allowance to the widow was made. The statute further provides that the court may, on the petition of the widow or other person interested, review such allowance, and increase or diminish the same. Code, § 2377. No such application was made, and the amount allowed the widow was not in any respect changed. Its payment was simply postponed, or rather the amount allowed Robertson was directed to be first paid, because of its superior equity, as the court thought. The statute further provides that, after paying the expenses of administration, charges of the last sickness, and funeral of the deceased, the administrator shall in the next place pay any allowance which may be made by the court for the maintenance of the widow. Code, §§ 2418, 2419. The payment of such allowance, under the statute, must be made prior to taxes or any other claims against the estate, except as above provided. Code, § 2420. This being so, we think the court erred in ordering that the allowance made Robertson should be first paid. It was not in the power of the administrator, by any agreement, representation or contract which he might make with a creditor, to deprive the widow of the priority given her by statute. Robertson had no lien on the money paid the administrator by Frisbie, simply for the reason that the administrator had no power to create a lien to the prejudice of the widow. The authorities cited by counsel for the appellee are *Burroughs v. McLain*, 37 Iowa, 189; *Baldwin v. Dougherty*, 39 Id., 50; and *Hadley v. Gregory*, 57 Id., 157; but they are not applicable, and the question before us must be determined by reference to the statute and its proper construction.

                                               REVERSED.