ORA D. PITKIN, Appellee, v. WM. G. PEET, Executor *et al.*, Appellants. *

1. **Antenuptial Contract**: AGREEMENT NOT TO CLAIM DOWER: CONSTRUCTION. A provision in an antenuptial contract, whereby the wife agreed to claim "no right of dower or homestead in or to any property which should belong to the estate" of the husband at the time of his decease, *held*, to have reference only to real property, and that it did not preclude the wife from taking her distributive share of her husband's personal estate.

2. **Will**: CONSTRUCTION OF, IN VIEW OF ANTENUPTIAL CONTRACT. An antenuptial contract provided that, if the wife survived the husband, she should be paid annually, after his decease and during her widowhood, by his executors or heirs, out of his estate, the interest on three thousand dollars. The will of the husband, after referring to said provision, directed the son to pay to the wife "the interest upon the money annually or oftener, as she may call for it, during the lifetime of my said wife, as provided in said antenuptial contract; and I give and bequeath to my said wife, * * * during her life, in case she remains my widow, the interest upon three thousand dollars, said interest to be paid to her as above directed, unless she shall marry again, and in such case the same shall cease, and she shall not be entitled to anything thereafter." *Held*, that the widow could not claim interest on three thousand dollars under the contract, and, in addition thereto, the same amount under the will.

3. ———: ———. In such case, where the son who was directed to pay the interest to the widow was also made the executor and residuary legatee of the testator, *held*, that the payment to the widow was not made a charge upon such son personally, but only upon the estate, and the requirement was upon him as executor.

4. **Appeal**: REVIVAL AFTER ABANDONMENT. An appellant who has once abandoned his appeal can not, after an opinion has been filed in this court, revive it upon a rehearing.

_____

* The opinion filed upon the first submission of this cause was withdrawn by the court, and for that reason is not published in these reports. It may be found in 50 N. W. Rep. 282.—REPORTER.

*Appeal from Jones District Court.*—Hon. J. D. Giffen, Judge.

WEDNESDAY, JANUARY 25, 1893.

THE defendants are William G. Peet, as executor, and also individually, and Matilda Peet. Matilda Peet is the widow of James M. Peet, deceased. The other defendant, William G. Peet, is a son, and the plaintiff is a daughter, of said James M. Peet, who died testate, and this is an action in chancery to construe the will and an antenuptial contract. The case is now for consideration on rehearing, because of a mistake in the former opinion as to the attitude of Matilda Peet on the appeal.

The antenuptial contract is as follows:

"Article of agreement made and concluded this third day of July, A. D. 1877, by and between James M. Peet, of Fairview, Jones county, Iowa, party of the first part, and Matilda Weaver, of Anamosa, Iowa, party of the second part, witnesseth that, in consideration of a promise of marriage by and between said parties, it is hereby mutually agreed by and between said parties that during their marriage neither party shall in any manner be restricted in the control or disposition of their property, both real and personal, which they have or may hereafter acquire; and either may execute deeds of conveyance without the consent or signature of the other, the same as if unmarried. And said second party, in consideration of aforesaid, hereby agrees to claim no right of dower or homestead in or to any property whi--h shall belong to the estate of said party of the first part at . the time of his decease, provided she shall survive him. And said first party, in consideration of the promise aforesaid, hereby agrees that, in case said second party shall survive said first party, said second party shall be allowed and paid out

of the estate of said first party, by his executors or heirs, the interest on the sum of three thousand dollars, ($3,000), which interest shall be paid annually from and after my decease, during the widowhood of said second party."

The following is the important provision of the will:

"Before my marriage to my present wife, Matilda Peet, I made an agreement with her wherein provision was made for her out of my property, which antenuptial contract was filed and recorded in the office of the recorder of Jones county, in Book 44, page 477; and I direct that my son, William G. Peet, pay to her the interest upon the money annually or oftener, as she may call for it, during the lifetime of my said wife, as provided in said antenuptial contract; and I give and bequeath to my said wife, Matilda Peet, during her life, in case she remains my widow, the interest upon three thousand dollars, said interest to be paid to her as above directed, unless she shall marry again, and in such case the same shall cease, and she shall not be entitled to anything thereafter."

The claim of Matilda Peet (widow) under the contract and will is that she is entitled to one-third of the personal property of the estate, and, in addition thereto, the interest on three thousand dollars, while she remains the widow of James M. Peet, and the interest on three thousand dollars additional so long as she shall live. The district court allowed to her the interest on three thousand dollars "during her natural life, while she remains the widow of James M. Peet," and denies to her the interest on the other three thousand dollars and any interest in the personal estate. From this judgment, Matilda Peet appealed. Judgments were also entered under the issues affecting the interests of the plaintiff and William G. Peet, from which each appealed, and the facts in connection therewith will be

noticed in the opinion.—On the appeal of Matilda Peet, modified and *affirmed*; on the appeal of William G. Peet, *reversed*.

*Sheean & McCarn*, for Ora D. Pitkin.

*J. W. Jamison*, for Wm. G. Peet.

*Remley & Ercanbrach*, for Matilda Peet.

GRANGER, J.—We first notice the appeal by Matilda Peet.

I. Both the contract and the will have before been considered in this court, and, to some extent, construed.

1. ANTENUPTIAL contract: agreement not to claim dower: construction.

*In Re Peet's Estate*, 79 Iowa, 185, both instruments were considered in relation to the right of the widow to an allowance for a year's support, under statutory provision therefor, and an allowance made by the district court was sustained. *Peet v. Peet*, 81 Iowa, 172, involved the validity of the antenuptial contract, and the right of the widow to an interest in the real estate. The contract was sustained, and, in effect, an interest in the real estate denied. Our first inquiry on this appeal is, does the antenuptial contract defeat the right of the widow to what would otherwise be her distributive share in the personal property of her deceased husband? The particular language of the contract relied on to defeat such a right is as follows: "And, said second party, in consideration of the aforesaid, hereby agrees to claim no right of dower or homestead in or to any property which shall belong to the estate of said party of the first part at the time of his decease, provided she shall survive him." In the absence of averment and proof showing a contrary intention, neither dower nor homestead has reference to the personal estate. This rule is so manifest, and of such universal application, as to require no reference to authorities for

its support, but see *Ditson v. Ditson*, 85 Iowa, 276, and cases there cited. In this case there are averments and proofs directed to the intention of the parties at the making of the contract, as showing that the mutual purpóse was to exclude Matilda Peet from any interest in the estate other than the interest on three thousand dollars.

It will be well to first determine the legal import of the contract upon its face. The contract first fixes the right of the respective parties to the property belonging to each, both real and personal, "during their marriage," and gives to each absolute control, including management and disposition. The wife, in consideration of the benefits which she derives from this right to manage and dispose of her property, agrees to surrender her right to dower or homestead "in or to any property which should belong to the estate" of her husband. The husband, in consideration of the promises of the wife to surrender dower and homestead, agrees to secure to her out of his estate the interest on three thousand dollars, after his decease, during her widowhood. Under this language of the contract, what are we justified in believing the parties meant by the term "dower?" It is undoubtedly true that persons unlearned in the law often speak and think of dower as being the entire interest of the wife in her husband's estate, or, at least, the interests known under our law as the "distributive shares." If by this contract there was a surrender of dower merely, there would be much to impress us with a belief that these parties, in signing the instrument, intended the word "dower" to embrace the wife's entire interest, for the language "in or to any property which shall belong to the estate" is quite comprehensive, and is very apt language for such a purpose by those having the erroneous view of the meaning of the word "dower." If we drop from the contract the words "dower or," we

then have her agreement not to claim any "homestead in or to any property which shall belong to the estate." Such language could not be construed to refer to personal property, because of its utter inapplicability, and no person would use the word "homestead" in such a connection. It is clear, then, that the parties intended by the agreement that the wife would not claim "a right of homestead in or to any property which shall belong to the estate," that she would not claim it in the real estate; but, notwithstanding this intention, they used the comprehensive phrase "in or to any property." Now, the word "dower" bears exactly the same relation to the phrase as does the word "homestead." Can we say, upon the face of the instrument, that one word has reference to real estate and the other to both real and personal property? The word "homestead," establishes the fact that they were contracting as to an interest in real estate. The word "dower," in its legal significance, has the same limitation, and should bear the same construction, in the absence of considerations showing a different intention. The language of the contract does not, to our minds, indicate that the words, in the sense claimed, should be differently applied.

Some testimony was taken in aid of the construction of the contract, but much of it is entirely incompetent or immaterial. After divesting the record of the improper evidence, nothing remains of sufficient force to override the construction required by the language employed in the contract. We said in *Re Peet's Estate, supra*, in construing this same contract, that "it must be understood that contracts designed to divest the wife of the benefits of the statutes in her favor, after the death of her husband, * * * must not be of doubtful interpretation, but specific and certain as to such intent." Our conclusion at that time accords with that view. Since the submission of this

cause, the case of *Ditson v. Ditson*, has been determined and at first view, from the similarity of the contracts, it might appear that the reasoning in the two opinions is not in exact harmony. It will, however, upon examination, be seen that the contracts quite materially differ, and the conclusions are upon different grounds.

II. As to the claim of Matilda Peet that she is entitled to the interest on three thousand dollars under the terms of the contract, and on three thousand dollars additional under the terms of the will, we need only say that we are unable to gather such an intent from the language of the instruments. As to the contract there is no question. It provides for the interest on three thousand dollars. The language of the will is somewhat obscure, but, fairly considered, we do not think more was intended than to provide for an observance of the terms of the contract. At first the testator directs the executor to make payments as the contract requires. That part contains no bequest in her favor. There is, then, a bequest of an amount sufficient for that purpose, and a specification that it is to be paid "as above directed," referring to the directions for payment under the contract. The language of the bequest does not say that it is additional, nor use words of such import. Some importance is attached to the difference between the language of the contract and that of the will, it being claimed that the contract gives her the interest on three thousand dollars during her widowhood and the will the interest on the same amount during her life; but the language is: "I give and bequeath to my said wife, Matilda Peet, during her life, in case she remains my widow," etc. Both the bequest and the contract provide for the payment during widowhood. Our conclusion is that the widow should take her distributive share of the personalty, unaffected by the antenuptial contract, and, in addition thereto, the

2. WILL: construction of, in view of antenuptial contract.

interest on three thousand dollars during widowhood, as provided by the judgment of the district court.

III. In the district court the decree gave to Matilda Peet the interest on three thousand dollars and provided that William G. Peet was personally liable therefor, and it is from this judgment of personal liability that William G. Peet appealed. The former opinion reversed the case on this appeal, holding that William G. Peet's liability under the will was only in his representative capacity. On this rehearing we are not asked to reconsider that question; and, without reproducing the reasoning of the former opinion, we simply adhere to the conclusion therein announced.

3. —: —.

IV. At the time the decree in this case was entered in the district court, the case of *Peet v. Peet*, 81 Iowa, 172, was pending, undecided, in this court. In that suit it was sought to annul the antenuptial contract. The decree in this case in the district court provides that "in case said antenuptial contract should be annulled or set aside by the supreme court in the case of *W. G. Peet v. Matilda Peet*, now pending in said court, said Matilda Peet is not to be prejudiced from asserting any rights which she may have in the personal property of the estate of James M. Peet as his widow." It was from this part of the decree that the plaintiff appealed. The antenuptial contract was in the case of *Peet v. Peet* sustained, and hence the provision of the decree appealed from is of no force whatever, and there is nothing to be considered on the plaintiff's appeal. Matilda Peet is not now asserting any rights under that provision of the decree. It may be further said that after the decree in *Peet v. Peet*, the plaintiff abandoned her appeal, and she now seeks, after the former opinion in this case, to revive it, which, in view of the record, can not be done. Upon the question of Matilda Peet's rights in the personal prop-

4. APPEAL: revival after abandonment.

erty, with the antenuptial contract sustained, the entire arguments have been considered.

Our conclusions are that on the appeal of William G. Peet the case should be reversed; the appeal of the plaintiff should be treated as abandoned; and on the appeal of Matilda Peet the judgment is modified and AFFIRMED: