ORA D. PITKIN v. W. G. PEET, *et al.*, Appellants.

**Practice Supreme Court: JUDICIAL NOTICE.** The supreme court will take notice of its decision, and the record of a case in which, on rehearing, it has entered a procedendo, so that an abstract on appeal from a decree entered in accordance with the procedendo need not set out the evidence in the case.

ABSTRACT: *Name of District Judge.* Under supreme court rules, section, 117, requiring an abstract on appeal to show the name of the trial judge, it is sufficient if the name of the trial judge appears in any part of the abstract.

REHEARING. A rehearing of a case on appeal suspends the former opinion rendered, and no portion of the former opinion will be operative unless affirmatively adopted on the final determination on rehearing.

*Appeal from Jones District Court.*—HON. JAMES D. GIFFEN, Judge.

TUESDAY, OCTOBER 22, 1895.

Action in equity for the interpretation of a will and an antenuptial contract. The district court rendered a decree from which appeals were taken by all of the parties to the action. The result is shown in the final opinion reported in 87 Iowa, 286 (54 N. W. Rep. 215). A procedendo having been issued, directing the district court to proceed in accordance with the opinion, a decree was rendered from which William G. Peet, as an individual, and as executor of the state of James M. Peet, deceased, appeals.—*Reversed.*

*J. W. Jamison* for appellants.

*Sheean & McCarn* for appellee.

Robinson J.—The appellee asks that the abstract be stricken from the files, on the ground that it does not show the name of the judge who presided on the trial in the district court. Section 117 of the rules of this court, adopted December 16, 1886, requires that the abstract in each case appealed to this court "be so prepared as to show the name of the judge who presided at the trial." Under this rule, it is the customary and approved practice to print the name of the trial judge on the first page of the abstract, immediately following the statement in regard to the court from which the appeal is taken, although this is not in terms required. In *Kissinger v Council Bluffs*, 72 Iowa, 471 (34 N. W. Rep. 215), the decision of the cause was deferred until the rule should be complied with, and in a proper case we might *adopt other measures to secure the observance of the rule.* In this case, the name of the trial judge does not appear on the first page of the abstract, but it is shown in it in connection with the decree, and it is also shown on the first page of each of several printed papers which have been filed in the case. The purpose of the rule, therefore, has been fully accomplished, and the motion to strike the abstract will be denied.

II. The appellee asks that the evidence be stricken from the abstract, and that the decree be affirmed, on the grounds that the abstract does not purport to contain all the evidence offered during the trial; that it does not show what evidence was offered during the trial, nor that it was duly made of record. The decree from which the appeal is taken contains a recital to the effect that all the record and all the evidence in the case were considered in entering the decree, and were made a part of the record, and thirty days were allowed in which to settle a bill of exceptions. The object of these provisions is not apparent, but we are of the opinion that they are immaterial, for the reason that the decree shows affirmatively that it was rendered on the motion of the plaintiff on account of the procedendo, and that it was designed to be in accordance with the opinion of this court filed on rehearing. In such a case, we take notice of our decision, and of the record on which it is founded. Those show that the case was tried here anew, and that, in the absence of an application for a new trial, or other ground for further action to determine the merits of the case, the district court had no duty to perform, excepting to render a decree as required by the procedendo. *Austin v. Wilson*, 57 Iowa. 586 (11 N. W. Rep. 8). See also *Bank v. Radke*, 92 Iowa, 207 (60 N. W. Rep. 615). The record submitted to us fully justifies the conclusion that nothing else was attempted, and the motion to strike and affirm is overruled.

III. "The decree from which the first appeal was taken was rendered on the first day of March, 1890, and contains the following: "The court construes the ante-nuptial contract and will set forth in plaintiff's petition, as giving to the defendant Matilda

Peet no distributive share in any property of the estate of said
James M. Peet, deceased, and as excluding her from any such
distributive share; that under said contract and will, said defend‑
ant Matilda Peet is entitled to receive only the interest on $3,000
during her natural life, while she remains the widow of the said J.
M. Peet, and no more, and that said interest on said sum of $3,000
is to be paid to her from time to time as she demands it, by the
defendant William G. Peet individually, and said William G. Peet
is charged personally with the payment of said interest to said
Matilda Peet; that said defendant Matilda Peet, is not entitled to
any distributive share in the personal property of said estate of
J. M. Peet, deceased; that the plaintiff, Ora D. Pitkin, is entitled
to the legacy of $9,888, as provided in said will, the same to be
paid to her by William G. Peet, executor of said estate, out of the
personal property of said estate, and as to whether the said sum
should bear interest the court does not now determine." It was
held by this court, in effect, that the decision was erroneous in
denying to the widow a distributive share in the personal estate
of her deceased husband, and in making William G. Peet, per‑
sonally liable for the payment to the widow of the interest on the
sum of three thousand dollars, to which she was entitled. It was
also determined that the appeal of the plaintiff had been
abandoned. Other questions were also decided, but they are not
of importance on this appeal. In October, 1893, the district court
rendered the decree which is now in controversy. That contains
the following: "Now, to‑wit, on this sixth day of October, 1893,
this cause coming on for hearing in accordance with the procedendo
and opinion of the supreme court of Iowa, and thereupon it is
ordered, adjudged, and decreed by this court that the judgment
and decree rendered by this court in this case on March 20, 1890,
and recorded in Record I of decrees of this court, on pages 315
and 316, be, and the same is hereby, modified in accordance with
the decision and opinion of the supreme court of Iowa heretofore
rendered in this case as follows, viz.: The court construes the
ante‑nuptial contract and will set forth in plaintiff's petition as
not preventing the defendant Matilda Peet from asserting her
claim to her distributive share of the personal property of the
estate of James M. Peet, deceased, and that said Matilda Peet
is entitled to her distributive share of said personal property, as
the widow of the said James M. Peet, deceased, the same as if no
ante‑nuptial contract had been made; that said Matilda Peet is
entitled to receive the interest on only $3,000 under said ante‑
nuptial contract and will, and is to receive the said interest during
her natural life, while she remains the widow of the said James
M. Peet, and no more, and to receive said interest from time to
time as she demands it; that said plaintiff, Ora D. Pitkin, is
entitled to the legacy of $9,888, as provided in said will, and as to
whether the said sum should bear interest the court does not now

determine; that said interest on said sum of $3,000, payable to Matilda Peet, and said legacy of $9,888, payable to said Ora D. Pitkin, are charges upon all of said property of said estate, and are to be paid by the executors of said estate out of the property of said estate; that said interest and said legacy are to be paid out of the property of the said estate, after the payment of debts against said estate, before said defendant William G. Peet receives anything under the will, and that said William G. Peet, as legatee under said will, takes all of the property devised and bequeathed to him thereby, charged with the payment of said interest and legacy, all of which is ordered, adjudged, and decreed by the court." The appellant complains of so much of the decree as relates to the interest of the plaintiff in the estate, and especially that part which made the legacy to her a charge upon all of the property of the estate, to be paid therefrom before the appellant should receive anything under the will. The appellee contends that the portion of the decree objected to is authorized by the first opinion, filed on a former appeal, as found in 50 N. W. Rep. 282. But, when the rehearing was ordered, that opinion was suspended, and as it was not adhered to on the final disposition of the cause on that appeal, it ceased to have any effect, and was fully superseded by the opinion afterwards filed. That adhered to the conclusion of the first opinion in regard to the personal liability of William G. Peet for the interest money to which the widow should be entitled, but did not otherwise adopt the opinion. The statements which it contained, and upon which the plaintiff relies, to the effect that the son was a residuary legatee, and that the bequests to the widow and to the plaintiff should be paid before the son should receive anything, were, therefore, without effect, and gave the district court no authority to render that part of the decree in question. The plaintiff had abandoned her appeal, and was not asking further relief, and this court made no attempt to disturb the decree so far as it related to her. That part of it provided for the payment of her legacy out of the personal property of the estate. She knew that the widow was demanding a share of that property, and must be charged with a knowledge of her rights to it; but, notwithstanding that fact, the plaintiff failed to prosecute her appeal, and thus made the original decree final as to herself. We conclude that the action of the district court, had in October, 1893, in making the legacy to her a charge upon all the property of the estate, and requiring its payment from such property before William G. Peet should receive anything under the will, was erroneous, and it is *reversed.*

No complaint is made of the provisions of the second decree in favor of the widow, and her rights are not involved in this appeal. —*Reversed.*