IN THE MATTER OF THE ESTATE OF JAMES M. PEET, Deceased, Petition of ORA D. PITKIN, Executor, to Sell Real Estate to Pay Debts and Legacies, v. E. E. PEET, Administrator, and E. G. PEET, Administrator of the Estate of W. G. PEET, Deceased, Appellants, and MATILDA PEET.

**Appeal:** OPINION PENDING RE-HEARING. A re-hearing of a case on appeal, suspends the former opinion rendered, and no portion of the former opinion will be operative unless affirmatively adopted in the final determination on re-hearing.

**Construction of Will:** LEGACIES. A will made a son executor, devised him a specific tract of land, and the residue of all his estate, real and personal, and a legacy was given a daughter. *Held,* it was error to make this legacy a charge upon *all* the estate, including the specific devise to the son, and to order that it should be paid from real property before the son should receive anything under the will, as specific legacies are never charged with the payment of general legacies.

*Appeal from Jones District Court.*—HON. JAMES. D. GIFFEN, JUDGE.

SATURDAY, OCTOBER 17, 1896.

NOTE.—See volume 1, Probate Reports, annotated, 695.

THIS appeal is by the administrators of the estate of W. G. Peet, deceased, from a decree ordering the petitioner to sell the real estate described, and to apply the proceeds, or so much thereof as may be necessary, to the payment of the legacy to Ora D. Pitkin, under the will of James M. Peet.—*Reversed.*

*Jamison & Burr* and *F. O. Ellison* for appellants.

*Remley & Ercanbrack* for Matilda Peet.

*Sheean & McCarn* for appellee.

GIVEN, J.—I. An unusual amount of litigation has attended the settlement of this estate, and the matters involved in the several cases are so interwoven, that we deem it necessary to here make a brief summary of the facts, and of the other cases; J. M. Peet, died testate, August 13, 1888. He left surviving him, his widow, Matilda Peet, to whom he bequeathed the interest on three thousand dollars, as provided in an ante-nuptial contract between them. He bequeathed to his daughter, Ora B. Pitkin, nine thousand eight hundred and eighty-eight dollars, and to his son, W. G. Peet, certain described real estate, and the residue of all his estate, real and personal. The will was duly probated September 26, 1888, and W. G. Peet nominated therein, qualified as executor. The inventory of personal property, consisting of notes and mortgages, amounted to about fifteen thousand dollars. There were substantially no debts, except the expenses of the last sickness; consequently, but little to pay, other than the costs of administration allowances, to the widow and the legacies. Matilda Peet filed an application for an allowance, as widow, for her support pending the settlement of the estate, and was allowed eight hundred dollars, which,

on appeal by the executor, was affirmed.  See 79 Iowa, 185 (44 N. W. Rep. 354).  The widow also made claim for one-third of the property, real and personal, whereupon W. G. Peet filed his petition against her, showing that there were no debts, and asking to be quieted in his title, under the will, to all the real estate, as against claims of the widow.  Decree was rendered in his favor, and affirmed on appeal.  See 81 Iowa, 173 (46 N. W. Rep. 1051).  Before that opinion was announced, Ora D. Pitkin commenced an action against W. G. Peet, as executor and as an individual, and against Matilda Peet.  On March 20, 1890, decree was entered therein, awarding to Mrs. Pitkin her legacy, but holding that W. G. Peet was not personally liable therefor, and limiting the payment of said legacy to the personal property; also holding that W. G. Peet was personally liable for the payment of the interest on the three thousand dollars to the widow, and that she was not entitled to share in. the personal property. From this decree all the parties appealed, and pending the appeal, the opinion in *Peet v. Peet* was announced. A re-hearing was granted, and an opinion filed, holding that the plaintiff, Mrs. Pitkin, had abandoned her appeal; that W. G. Peet was not personally liable for the interest on the three thousand dollars, and that the widow is entitled to a distributive share of the personalty, unaffected by the ante-nuptial contract, and to the interest on the three thousand dollars.  See 87 Iowa, 269 (54 N. W. Rep. 215).  The case being remanded for decree in harmony with the opinion, the district court on the sixth day of October, 1893, entered a decree, in effect, as follows: That Mrs. Peet is entitled to share in the personal estate the same as if no ante-nuptial contract had been made, and is entitled to interest on three thousand dollars during her life, while she remains the widow of J. M. Peet, from time to time, as she demands it; that Ora D. Pitkin is entitled to

the legacy as provided in the will, but whether with interest was not determined. It was decreed that said interest and said legacy are charges upon the property of the estate, and to be paid by the executor out of said property, after the payment of debts, and before W. G. Peet receives anything under the will, and that he takes the property devised to him, charged with the payment of said interest and legacy. From that part of said decree making the legacy to Mrs. Pitkin a charge upon the real estate, W. G. Peet appealed, and, having died pending the appeal, his administrators were substituted. On that appeal, this court held October 22, 1895, that making the legacy to Mrs. Pitkin a charge upon all the property of the estate, and requiring its payment from such property before W. G. Peet should receive anything under the will, was erroneous, and reversed the decree. 96 Iowa, 748 (64 N. W. Rep. 793). On December 9, 1895, Mrs. Pitkin filed her petition for a re-hearing in that case, which is now before us for consideration. W. G. Peet having resigned as executor, Ora D. Pitkin was appointed October 7, 1893, to administer the estate. On the thirtieth day of August, 1893, pending the appeal in the last named case, Ora D. Pitkin, as executor, filed the petition in this case, showing that there is about two thousand two hundred and fifty-six dollars and fifty-two cents of the personal estate for distribution, and asking that she be authorized to pay one-third thereof, after deducting costs and expenses, to the widow, and the remainder on the legacy to Ora D. Pitkin. She shows that said remainder will be insufficient to pay said legacy in full, and asks an order to sell certain of said real estate specifically devised to W. G. Peet, to pay said legacy to Ora D. Pitkin. Matilda Peet answered, joining issue as to the amount of personal assets for distribution; but, as she does not appear in this court, we need not further notice the

issues joined by her answer. The administrators of the estate of W. G. Peet answered at length, the substance of which is a denial of the right to order a sale of the real estate specifically devised to W. G. Peet, to pay the legacy to Ora D. Pitkin; also alleging that because of the then pending appeal in the case of *Pitkin v. Peet*, now on petition for a re-hearing, the court had no jurisdiction to make an order affecting said real estate. Upon these issues the court decreed, after a full hearing, "that there should be an order of sale of property as prayed in the petition of plaintiff, and an order is hereby entered as prayed in said petition, and also an order for distribution as prayed." It is from this decree that the pending appeal was taken.

II. It will be seen from the foregoing that by this appeal we have the same question presented that was decided in *Pitkin v. Peet*, 96 Iowa, 748 (64 N. W. Rep. 793, 795). It is there said, "We conclude that the action of the district court had in October, 1893, in making the legacy to her [Pitkin] a charge upon all the property of the estate, and requiring its payment from such property before William G. Peet should receive anything under the will, was erroneous, and it is reversed." Relying upon this decision, and upon authorities cited to the effect that specific legacies are never charged with the payment of general legacies, appellants ask a reversal of the decree of October 3, 1894, in this case. Upon the first submission of *Pitkin v. Peet*, 87 Iowa, 268 (50 N. W. Rep. 282, 283), this court said: "These legacies are charges upon the estate. By virtue of the ante-nuptial contract the amount secured by the legacy becomes a debt, and has priority over the other legacies, and must, therefore, be first paid, after payment of debts. Pitkin's legacy must first be paid, and the residue of the estate, after the payment of debts, if there are any, vests in William G. Peet, the son." Appellee, relying

upon this opinion as conclusive between Ora D. Pitkin and W. G. Peet, as legatees, contends that this decree should be affirmed, and that her petition in *Pitkin v. Peet*, for a re-hearing, should be sustained, the opinion in 96, Iowa, 748, overruled, and decree in that case affirmed. We have seen that a re-hearing was granted on the first appeal in *Pitkin v. Peet*, and on re-hearing another opinion was filed. 87 Iowa, 269 (54 N. W. Rep. 215). In this second opinion the court says: "The case is now for consideration on re-hearing because of a mistake in the former opinion as to the attitude of Matilda Peet on the appeal." The questions touching the rights of Matilda Peet under the ante-nuptial contract and the will, were fully considered and passed upon; but nothing is said as to the legacy of Ora D. Pitkin, and therefore appellee contends that in so far as the opinion of October 26, 1891, relates to her rights under the will, it stands as the law announced by this court. It is argued that Matilda Peet alone asked a re-hearing, and as the re-hearing was granted because of a mistake in the former opinion as to her attitude on the appeal, and as only questions as to her rights were considered on re-hearing, the second opinion is only a modification of the first to that extent. The opinion rendered on the re-hearing shows very plainly why the rights of Ora D. Pitkin, as legatee, were not considered, and that it is not merely a modification of the former opinion. It is said: "At the time the decree in this case was entered in the district court, the case of *Peet v. Peet*, 81 Iowa, 172 (46 N. W. Rep. 1051), was pending, undecided, in this court. In that suit it was sought to annul the ante-nuptial contract. The decree in this case, in the district court, provides that 'in case said ante-nuptial contract should be annulled or set aside by the supreme court in the case of *W. G. Peet v. Matilda*

·*Peet*, now pending in said court, said Matilda Peet is not to be prejudiced from asserting any rights which she may have in the personal property of the estate of James M. Peet, as his widow.' It was from this part of the decree that the plaintiff appealed: The ante-nuptial contract was in the case of *Peet v. Peet sustained*, and hence the provision of the decree appealed from is of no force whatever, and there is nothing to be considered on the plaintiff's appeal. Matilda Peet is not now asserting any rights under that provision of the decree. It may be further said that after the decree in *Peet v. Peet*, the plaintiff abandoned her appeal, and she now seeks, after the former opinion in this case, to revive it, which, in view of the record, cannot be done. Upon the question of Matilda Peet's rights in the personal property, with the ante-nuptial contract sustained, the entire arguments have been considered. Our conclusions are that on the appeal of William G. Peet, the case should be reversed; the appeal of the plaintiff should be treated as abandoned; and on the appeal of Matilda Peet the judgment is modified and affirmed." Appellee insists that she had not abandoned her appeal, but we are still of the opinion that, for the reasons shown in the opinion, she had. In the opinion announced October 22, 1895, 96 Iowa, 748 (64 N. W. Rep. 793), we said that when the re-hearing was ordered, the former opinion was suspended, and, as it was not adhered to on the final disposition of the case on that appeal, it ceased to have any effect, and was fully superseded by the opinion afterwards filed. We still think this conclusion is correct, and that the opinion of October 22, 1895, announces the law correctly. Our conclusion has been announced that plaintiff's petition for a re-hearing in her case of *Pitkin v. Peet*, should be overruled, and under the law as announced in that case, the decree rendered in this,

October 3, 1894, should be reversed. Appellee's motion to strike appellant's abstract and assignment of errors is without merit, and is overruled. The foregoing conclusion renders it unnecessary that we should notice other questions discussed.—REVERSED.