ORA D. PITKIN, Executrix, v. E. E. PEET, Appellant.

**Estates:** ANTE NUPTIAL CONTRACT: *Legatees and devisees.* An antenuptial contract, providing for the payment annually of a stated sum of money to a testator's widow, is a charge upon the personal estate of the testator, and real estate devised by the will cannot be subjected to the payment thereof, though all the personal estate has been bequeathed by the will and the legacy has been materially diminished by a judgment awarding the widow a distributive share in such personal estate.

*Appeal from Jones District Court.*—HON. WILLIAM G. THOMPSON, Judge.

FRIDAY, MAY 19, 1899.

ACTION at law to recover an amount alleged to be due for the occupation and use of land. The cause was tried by the court without a jury, and judgment was rendered in favor of the plaintiff. The defendant appeals.—*Reversed.*

*Jamison & Smyth* for appellant.

*D. McCarn* for appellee.

ROBINSON, C. J.—In the year 1877, James M. Peet entered into an antenuptial contract with Matilda Weaver, whom he subsequently married. The contract provided that, in case she survived him, she should receive, during widowhood, annual interest on the sum of three thousand dollars. He died testate, having provided in his will for the payment of the interest required by the contract. The will devised to William G. Peet, son of the decedent, certain land, and gave to Ora D. Pitkin, his daughter, a legacy. She is now the executrix of his estate, and as such is the plaintiff in this action. On the first day of June, 1895, the district court of Jones county made an order in probate, in terms authorizing the plaintiff to collect the rents and profits which should accrue from three hundred and twenty acres of land in Jones county, which were described, and to apply the sums which should be collected in the payment of interest then due, and thereafter to become due, to Matilda Peet, under the antenuptial contract and the will. The plaintiff alleges that no part of the interest due at the time the order was made, or which has since become due, has been paid; that when the order was made the defendant was in possession of the land, and has since occupied and used it; and that the value of such occupation and use is nine hundred and sixty dollars. Judgment for that amount was demanded. The answer alleges that the order of the district court referred to was void

because the court lacked jurisdiction to enter it, and for the reason that it was based upon a certain decree of the district court which was reversed by this court, and for the further reasons that the plaintiff has money sufficient for the payment of the amount due and to become due to Matilda Peet, and that the estate of William G. Peet, now deceased, of which the defendant, E. E. Peet, is administratrix, is not liable for that amount. As a further defense, the defendant alleges that the order in question was reversed by this court; that, as the plaintiff has possession of the personal property of the estate of James M. Peet deceased, which is ample for the payment of the amount due Matilda Peet, she is not entitled to resort to the real property in question, which was devised to William G. Peet, for funds with which to make the payment. The judgment rendered in favor of the plaintiff is for $381.61 and costs. In *Peet v. Peet,* 81 Iowa, 172, the antenuptial contract was sustained, and the widow was denied an interest in the real estate of her deceased husband. In *Pitkin v. Peet,* 87 Iowa, 268, we held that Matilda Peet was entitled to a distributive share of the personal property of her deceased husband. In that case, and in *Pitkin v. Peet,* 96 Iowa, 748, we held that William G. Peet was not personally liable for the interest which accrued to Matilda Peet under the antenuptial contract and the will, and that the legacy given by the will to Ora D. Pitkin was not a charge on the estate of James M. Peet, as against William G. Peet. The effect of the decision to which we have referred, and of a decree of the district court considered in the case last cited, was to hold that the land devised to William G. Peet was not liable for the payment of the legacy of Ora D. Pitkin, nor the interest which was then due, or should thereafter become due, to Matilda Peet. See, also, *Pitkin v. Peet,* 99 Iowa, 314. The land in question is a part of that devised to William G. Peet. In consequence of our holding that Matilda Peet was entitled to a distributive share of the estate of James M. Peet, the personal property of the estate is not sufficient to

pay the bequest to Ora D. Pitkin, and it is urged that it would be unjust to her and inequitable, to place the burden of paying the amount now due Matilda Peet, and the sums which shall hereafter become due her, upon the personal property of the estate, and to that extent take from the property available for the payment of the legacy of Mrs. Pitkin, and which is not now sufficient to pay it in full. There seems to be much force in what is thus said. The share which William G. Peet obtained from his father's estate is, we understand, more valuable than the bequest to Mrs. Pitkin. That has already been diminished by the share of personal property to which Matilda Peet is entitled, and to further deplete it, by holding that the interest due and to become due to Matilda Peet must be paid from the personal property in the possession of the plaintiff, appears to work an injustice. But we are governed by the will as it has been construed by former decisions of this court, and as it must now be construed, and by the law applicable to this case. By the law of this state, the debts and charges against the estate of a decedent, where no other provision is made by will, are payable from the personal property of the estate, if it be sufficient for that purpose. Code 1873, sections 2386-2388; *Laverty v. Woodward*, 16 Iowa, 1; *Foteaux v. Lepage*, 6 Iowa, 123; *Gladson v. Whitney*, 9 Iowa, 267. And that is true where all the personal property is bequeathed by will, if it be not made to appear that it was the intent of the testator that the debts should be paid from real property. *McGuire v. Brown*, 41 Iowa, 650. See, also, *Reynolds v. Reynolds*, 16 N. Y. 257. The obligation to pay Matilda Peet the interest for which her antenuptial contract provided is a debt which the estate of James M. Peet owes, and for the payment of which the personal property of the estate is liable. Debts of an estate are payable before legacies. Code 1873, section 2420 (Code, section 3348). As we have heretofore held, the real estate in question cannot be subjected to the payment of the claims of Matilda Peet, and the only source from which the payment

can be made is the personal property of the estate in the possession of the plaintiff. The order which purported to empower the plaintiff to take possession of the land in controversy was really based upon a judgment of the district court which was reversed by this court, and the plaintiff does not claim that the order should be treated as a final adjudication, but states that whether the plaintiff has the right to collect the amount due and the sums to become due to Matilda Peet from the rents and profits of the land is an open question. For the reasons shown, the question must be answered in the negative.

We are also asked to determine whether the distributive share of Matilda Peet is to be taken before or after an allowance is made for the payment of sums to which she is and may become entitled. We do not find that this question is presented by the record before us; hence do not decide it. But it is proper to say that the question now asked was not involved nor determined in *Pitkin v. Peet,* 87 Iowa, 268. The defendant E. E. Peet is the widow of William G. Peet. As administratrix of his estate, she took possession of the land in question, and has received rent for it; but this action is against her as an individual, and not in her representative capacity. In view of the conclusion heretofore stated, we do not find it necessary to decide whether a recovery could properly have been had of her, as an individual, even had she wrongfully collected rents as administratrix. The judgment of the district court is REVERSED.