CITY BANK OF BOONE, Appellee, v. ANNIE RADTKE,
Appellant.

1. **Acknowledgment**: BEFORE INTERESTED PARTY: VALIDITY. An acknowledgment of a chattel mortgage, made to a partnership, before a notary who is one of the partners, is void; and the record of such mortgage will not impart constructive notice to third parties.

2. **Chattel Mortgages**: DEFECTIVE ACKNOWLEDGMENT: PRIORITY: ESTOPPEL. The defendant, with no actual notice of the plaintiff's mortgage, acknowledged as above, took a second mortgage upon the same property, and afterwards took another mortgage upon the same and other property to secure the same debt. This last mortgage referred to the plaintiff's mortgage as a prior lien, but there was nothing in it to suggest the thought that, in taking it, it was the purpose of the defendant in any way to abandon her first mortgage. *Held,* that the defendant's lien by virtue of her first mortgage was superior to that of the plaintiff, and that the defendant was not estopped by the recitals in her second mortgage from asserting her rights under her first mortgage.

3. ———: ———: ———. In such case, even though the defendant claimed the property under her second mortgage, she was not thereby estopped from afterwards claiming under her first one, there being no evidence that the plaintiff, by reason of the defendant's conduct, was led to do anything other than it would have done regardless of what the defendant said or did.

4. ———: MERGER OF FIRST MORTGAGE IN SECOND. In such case the defendant's first mortgage was not merged in her second one, as such merger would have been against the interest of the defendant, and contrary to her presumed intention.

*Appeal from Boone District Court.*—HON. JOHN L.
STEVENS, Judge.

SATURDAY, JANUARY 28, 1893.

ACTION to recover possession of certain steers. There was a trial to the court, resulting in judgment for the plaintiff. The defendant appeals.

The plaintiff claims possession of thirty-seven head of steers by virtue of a chattel mortgage thereon, of date February 25, 1885, given by L. W.

Fisk & Son, which mortgage was duly filed for record, and recorded on the same day. The defendant denies the execution, acknowledgment, and recording of the plaintiff's mortgage, and avers that the acknowledgment was taken by one J. C. Hall, who was at the time a member of plaintiff's copartnership, and interested in the mortgage; avers that the defendant never had either actual or constructive notice of the plaintiff's mortgage. The defendant claims the steers by virtue of a chattel mortgage thereon, of date September 4, 1885, given by the same parties, and filed for record at the date last mentioned, and under which she took possession of the steers. The plaintiff took said steers from the defendant by virtue of a writ of replevin issued in this action. The plaintiff, replying to the defendant's answer, denies each allegation thereof, and avers that on November 8, 1886, said L. W. Fisk & Son executed and delivered to the defendant a chattel mortgage on the steers in controversy to secure the same note which the mortgage set out in the answer secured; that said mortgage was given by L. W. Fisk & Son, and accepted by the defendant, as subject to the plaintiff's said mortgage, and the defendant thereby agreed and took possession and holds the property in controversy under said mortgage of November 8, 1886, subject to the lien of the plaintiff's mortgage, and the payment of the indebtedness secured thereby, whereby the plaintiff claims the defendant is estopped from asserting any right to the property in controversy contrary to the plaintiff's mortgage.

The court found specially that the plaintiff was a partnership at the time its mortgage was executed and acknowledged, and that J. C. Hall, the notary who took said acknowledgment, was at the time a member of said partnership. The court below found as a conclusion of law that the defendant was estopped from asserting the priority of her first mortgage.—*Reversed.*

*Jordan & Brockett,* for appellant.

*E. L. Green,* for appellee.

KINNE, J.—I. Some errors are assigned upon the admission of evidence, which we do not deem it neces-

1. ACKNOWLEDG-. sary to consider. The evidence shows
MENT: before
interested without conflict that the notary, J. C.
party: valid-
ity. Hall, who took the acknowledgment of the plaintiff's mortgage, was at the time a partner in the plaintiff, which was a copartnership. This being the case, the ackowlédgment of the plaintiff's mortgage was void, and the mortgage not entitled to be recorded; hence the record of it in fact made was not constructive notice to the defendant.

II. The controlling question in the case is, did the defendant, by taking the second mortgage of Novem-

2. CHATTEL ber 8, 1886, become estopped from assert-
mortgages:
defective ac- ing her right to the property in contro-
knowledg-
ment: prior- versy by virtue of her first mortgage,
ity: estoppel. dated September 4, 1885? If she did, then the judgment of the lower court was right. The defendant's mortgage dated September 4, 1885, described the property as follows: "(36 head of cattle.) Twenty two year old steers; sixteen one year old steers. All of the above property is now in our possession, and are our sole and individual property, and are free from all incumbrance. To obtain credit we make this statement." In her mortgage of November 8, 1886, the property is described as "all the steers we now own," etc. This mortgage also recites: "This mortgage is given as additional security for the note hereinafter described, and in addition to another mortgage securing the same note, given by us to Annie Radtke, September 4, 1885; and is a first mortgage upon said steers, except as to the yearling steers, and the eighteen two year old steers, by us mortgaged to the City Bank of Boone, Iowa, February 23, 1885."

We think, at the time the defendant took her second mortgage, she had actual notice, through her attorney, of the plaintiff's mortgage; hence, as to it, it is immaterial as to whether the acknowledgment of the plaintiff's mortgage was sufficient to impart notice. But there is no claim that at the time she took her first mortgage she had any actual notice of the plaintiff's mortgage, and, by reason of the illegal acknowledgment, she certainly did not have constructive notice of it. If, then, she actually took possession of the property under and by virtue of her first mortgage, she has the better right thereto, unless the taking of the second mortgage worked an estoppel as against her. We are unable to see any reason whatever for holding that the act of taking the second mortgage, in which was a clause recognizing the plaintiff's mortgage, should operate to estop the defendant from taking and holding the steers under the first mortgage. The law is well settled "that the taking of a second mortgage for the same debt, upon the same or other property, does not, of itself, extinguish the first, or operate as a cancellation of it, so as to let in an intervening mortgage to take precedence of the first, unless the second mortgage either expressly, or by direct implication from its terms, releases the first." Jones on Chattel Mortgages, section 644. Authorities in our state might be cited to the same effect. Such being the case, how can it be said that the defendant, by taking a second mortgage to secure the same debt, placed herself in a position where she can not take advantage of her prior mortgage. There is nothing in the last mortgage to suggest the thought that, in taking it, it was her purpose to in any way abandon the first. On the contrary, the recitals in the last mortgage, it appears to us, clearly show that she was taking it as additional security for the debt. It must be remembered that the last mortgage covered property in addition to that described in the first one,

and this was no doubt the chief reason for taking it. The last mortgage says it was "given as additional security for the note," not as a substitute for the first mortgage; that it was given "in addition" to the first mortgage. In fact, so far as appears from the language of the last mortgage, the idea of it being in lieu of or superseding the first one is expressly negatived. Counsel, in his able argument, cites us to no authority which justifies the contention that this last. mortgage should, from its recitals, be deemed to supersede the prior one. The evidence of witness Harrington, which is not contradicted, shows that when he, as attorney for defendant, took the second mortgage, he supposed "there were two sets of steers." This fact explains why it was that a second mortgage was taken on the same property upon which the plaintiff already held a first one; also the statement in the second mortgage as to its being a "first mortgage upon said steers, except," etc.

III. The plaintiff contends that the defendant is estopped also by her conduct from asserting a right to the cattle under her first mortgage. Now, we think it is questionable whether any estoppel *in pais* is pleaded. Such an estoppel may exist where one has said or done something upon which another has a right to rely and on the faith of which the latter has acted to his detriment. If, however, this question is in issue, the evidence falls far short of establishing such an estoppel. In the first place, if Harrington, in response to the demands of plaintiff's officers as to his right to take the property, as attorney for the defendant, exhibited her last mortgage, and claimed the steers thereunder, that could not be urged as an estoppel. At that time it is undisputed that her first mortgage, covering all these steers in controversy, was duly executed, and of record in Boone county, Iowa. There is no pretense that there was any disclaimer by

the plaintiff of her rights under the first mortgage at
that time, unless the mere taking of the property on
the second would be such. Even if it should be con-
ceded that Harrington, the defendant's attorney, did
and said all that the plaintiff claims, still there is no
evidence whatever that the plaintiff, by reason thereof,
was led to do anything other than it would have done
regardless of what he said or did. It is not averred in
the pleadings that, by any act of the defendant, the
plaintiff was misled, or induced to act in any wise to its
detriment. For all that is disclosed by this record, the
plaintiff's action was in no way based upon, or con-
trolled or influenced by, anything the defendant did.
The essential elements of an estoppel by conduct have
not been established, even if pleaded; and we may say
that the evidence satisfies us that the defendant took
the cattle in controversy under her first mortgage.

IV. Claim is also made that the first mortgage of
the defendant has, by the acts of the defendant, and
4. ——: merger the recitals in the second mortgage, become
of first mort- merged in the latter. We can not enter
g ge in sec-
ond. into a detailed discussion of the evidence
touching this claim. We have referred to some of it
already. It is a general rule that a merger will not be
held to have taken place (in the absence of express pro-
visions therefor) when it is against the interest of the
person in whom it is claimed the two estates are merged.
1 Jones, Mortg., sections, 848, 857. Whether or not
there has, in a given case, been a merger, depends
largely on the intention of the parties. In the case at
bar it is clear that a merger of the securities would be
against the intent of the defendant, and it is certain
from the recitals in the mortgage itself that there was
no intention by either of the parties to the second
mortgage that the first one should become merged
therein. In our judgment the testimony in this case
fully and satisfactorily establishes the fact that the

plaintiff's mortgage was not legally acknowledged; that the defendant, when she took her first mortgage, had no notice, actual or constructive, of the plaintiff's mortgage; that she took possession of the steers in controversy under and by virtue of her first mortgage; that the taking of the second mortgage was not intended to be an abandonment or merger of the first one. In our view, the plaintiff failed to establish any right to these steers, and the defendant is clearly entitled to them.

V.    The case has once before been in this court, but upon questions not now before us. 79 Iowa, 215. It is said we should sustain the findings and judgment of the district court, as its finding stands as the verdict of a jury. But the evidence does not, in our judgment, sustain the finding of the court. Had a jury tried the case on the same evidence which was submitted to the court below, and found a verdict for the plaintiff, we should have felt compelled to reverse this case, for want of evidence sufficient to sustain the verdict.

The judgment of the district court is REVERSED.