CITY BANK OF BOONE, Appellant, v. ANNA RADTKE.

**Appeal and Mandate.** Where in a law action the facts are either found by the district court, or are practically undisputed there, and the supreme court reverses the judgment, indicating what it should be, and there is no claim that a different state of facts can be shown on a new trial, the trial court may, on motion, enter a judgment in accordance with the opinion.

*Appeal from Boone District Court.*—HON. N. B. HYATT, Judge.

WEDNESDAY, OCTOBER 17, 1894.

ACTION at law to recover the possession of specific personal property. From a judgment in favor of the defendant, rendered on her motion, the plaintiff appeals. —*Affirmed*.

*Dyer & Stevens* for appellant.

*Jordan & Brockett* for appellee.

ROBINSON, J.—The plaintiff claims to own, and to be entitled to the immediate possession of thirty-seven steers by virtue of a chattel mortgage executed to it by L. W. Fiske & Son on the twenty-third day of February, 1885, and recorded two days later. The defendant claims the steers under a chattel mortgage executed to her in September, 1885, and recorded during the same month, and alleges that, when it was given, she had neither actual nor constructive knowledge of the mortgage to the plaintiff. She further claims that the record of the mortgage did not impart constructive notice, for the reason that the plaintiff is a copartnership, of which John C. Hall, the notary public who took the acknowledgment of the mortgage, was, at the time it was taken, a member. The plaintiff, in reply, alleges that defendant is estopped to deny notice of the mortgage given to it, for that in November, 1886, she accepted from L. W. Fiske & Son a chattel mortgage on the property in controversy to secure the indebtedness which was secured by the first mortgage to her; that the second mortgage was given and accepted as subject to the mortgage of plaintiff, and that in accepting it, defendant took possession of, and holds, the property in controversy subject to the lien of the plaintiff's mortgage. This is the third appeal in this cause. See 79 Iowa, 216; 44 N. W. Rep. 362; 87 Iowa, 363, 54 N.W. Rep. 435. On the second trial the district court found that the plaintiff was a partnership when the

mortgage to it was taken, and that the acknowledgment was taken by a member of the firm. Also, that the defendant was estopped to assert her first mortgage, and that plaintiff was entitled to the property in controversy. Judgment was rendered according to the findings. On the second appeal this court held that the acknowledgment of the plaintiff's mortgage was void, and that the record of it did not impart notice to the defendant; that there was no claim that she had actual notice of it when she took the first mortgage to her; that the evidence failed to show an estoppel; that the plaintiff had failed to establish any right to the property in controversy; and that the defendant was clearly entitled to it. The judgment of the district court was reversed, and a *procedendo* was issued, requiring that court to proceed in the cause according to law, and in harmony with the opinion. After that was placed on file, the defendant filed a motion for judgment on the ground that the issues of fact had been fully tried, and findings of fact made, upon which this court had found that the defendant should have had judgment. The motion was sustained, and judgment was rendered in favor of the defendant.

All the allegations of the petition and reply not admitted are in substance that L. W. Fiske & Son executed the mortgage under which the plaintiff claims; that they owe it the amount which the mortgage was given to secure; that the property included in the mortgage to the defendant is not the same as that mortgaged to the plaintiff; that the mortgage of 1886 was given and accepted by the defendant subject to the mortgage to the plaintiff; "that in the giving of said mortgage and the taking of the same by defendant the defendant thereby agreed and took possession and holds the property in controversy under said mortgage, dated November 8, 1886, subject to the lien of plaintiff's mortgage, and the payment of the indebtedness

secured the plaintiff thereby;'' and that in consequence
of so taking the mortgage, the defendant is estopped to
assert title as against the mortgage of the plaintiff.
The judgment of the district court rendered on the sec-
ond trial necessarily included a finding that the mort-
gage to the plaintiff was valid as between the parties to
it and as against persons having notice of it.  The
record does not show that the district court found that
the mortgages held by the defendant were duly exe-
cuted, acknowledged, and recorded, or whether she
knew of the mortgage to plaintiff when her mortgage
was taken; nor whether, in taking her second mort-
gage, she intended to abandon the first one, nor under
which one she took possession of the property, nor
whether her mortgages covered the property mortgaged
to the plaintiff.  But the petition recognizes the mort-
gages of the defendant, alleging that they are not on
the property in controversy, and that, if they are, they
are junior and inferior to the mortgage of plaintiff.

They are also recognized in the reply.  The claim
that they were on different property from that in con-
troversy was, in effect, waived in the reply.  That
alleges that the second mortgage to the defendant,
which includes the property conveyed to her by the
first one, covers the same property that was mortgaged
to the plaintiff.  It is plain that there is not now, and
has not been, any real controversy as to the fact that
the mortgages held by the defendant were duly exe-
cuted, and that each of them includes the property in
controversy.  That fact sufficiently appears in the
opinion of this court filed on the second appeal.  That
opinion also shows that no claim was made on the
trial that the defendant had actual notice of the plain-
tiff's mortgage.  With respect to the omission of the
district court to find specially whether the defendant
abandoned her first mortgage and took possession of
the property in controversy under the second one, it is

not necessary to say more than that we do not think an abandonment of the first mortgage and a taking of the property under the second are properly pleaded. We have set out all of the reply which can be claimed to plead such abandonment and taking of the property. The averment that in the giving of the second mortgage and the acceptance of it the defendant agreed to and took possession of and held the property under that mortgage, and subject to the mortgage of the plaintiff, is a statement in the nature of a legal conclusion, which is not sound, and did not constitute a defense to anything pleaded in the answer. It was not attacked as it might have been, and for the purposes of the second appeal was treated as pleading an estoppel, but held not to be sustained by the evidence. It is true that, as a rule, this court will not, in reversing a judgment in an action at law, rendered after a trial on the merits, direct the trial court to enter judgment on the record unless special findings of the court or jury and admissions of record show what judgment should be rendered ( *Coffman v. Railway Co.*, 90 Iowa, 462, 57 N. W. Rep. 956); and we are not disposed to ignore the distinction between actions at law and in equity, and to direct judgments which are required to settle disputed questions of fact. But this case has been tried by the district court. The facts were settled by its special findings, or were practically undisputed. The opinion of this court on the second appeal determined the judgment which should have been rendered. The plaintiff had been given a fair trial, and had fully presented its case. There was no claim that it desired to, or could, make a different showing on another trial, and we are of the opinion that the district court did not err in rendering the judgment after the appeal, which should have been rendered before it was taken. Affirmed.