MRS. M. L. CASE, Appellant, v. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

**Contributory Negligence:** SPECIAL AND GENERAL VERDICT. A general verdict for plaintiff for injuries caused by failure of a locomotive approaching a highway to give signals at the distance therefrom required by Acts Twentieth General Assembly, chapter 104, section 1, whereby plaintiff's horse approached near the railroad, and became frightened, is not overcome by special findings that plaintiff did not look, or listen, for a train before reaching an opening, one hundred and thirty-four feet from the railroad, in a hedge extending along the side of the highway, and that there was a place between such opening and plaintiff's house (the distance not being shown) at which plaintiff could have known of the approach of the train, if she had looked and listened.

*Appeal from Dallas District Court.*—HON. J. H. APPLEGATE, Judge.

SATURDAY, DECEMBER 12, 1896.

ACTION at law to recover damages for personal injuries alleged to have been caused by negligence on the part of the defendant. There was a trial by jury, and a verdict for the plaintiff in the sum of fifty dollars. Special findings wer⁻ returned by the jury, upon which the court, on the motion of the defendant, rendered judgment in its favor for costs. The plaintiff appeals.—*Reversed.*

*Shortley & Harpel* for appellant.

*Edmund Nichols* for appellee.

ROBINSON, J.—The petition alleges that a railway owned and operated by the defendant crosses a public highway a short distance east of the city of Perry; that on the seventh day of June, 1894, while the plaintiff was on her way to Perry, riding in a buggy drawn by a single horse, and approaching from the north the crossing described, a train of the defendant passed over the crossing from the east; that the employes of the defendant, who were operating the locomotive engine of the train, neglected and omitted to sound the whistle at least sixty rods before reaching the crossing, and failed and neglected to continuously ring the bell on the engine for that distance, in approaching and passing the crossing. The petition further alleges, that by reason of the failure to sound the whistle and ring the bell, the plaintiff was unaware of the approach of the train until so near the crossing that her horse became frightened and unmanageable, causing her, while endeavoring to control the horse, to be thrown on and against a wheel of the buggy, thus causing certain injuries, which are described, and for which she seeks to recover. The petition also alleges that the plaintiff did not, by negligence on her part, contribute to the accident and resulting injuries. The answer contains

a general denial, and pleads contributory negligence on the part of the plaintiff. The evidence submitted on the trial is not set out, but the abstract alleges that the plaintiff introduced testimony tending to sustain the issues on her part, and showed that, at the time of the accident, there was a willow hedge on the east side of the highway, over which she was passing; that the hedge extended from the north line of the defendant's right of way a distance of thirty-one rods; that there was an opening in the hedge of about twelve feet in length, one hundred and thirty-four feet north of the track, where it intersected the highway; that at the time of the accident the plaintiff was approaching the crossing in question from the north, and the train was approaching it from the east. The special findings of the jury are shown by interrogatories submitted to it, and the answers thereto, as follows: "Int. 1. Was there a point north of the opening in the hedge at which plaintiff could have seen the approaching train? Answer. No. Int. 2. Did the plaintiff listen for a train from the east at any time before reaching the opening in the hedge? Answer. No. Int. 3. Did the plaintiff look for a train from the east at any time before reaching the opening in the hedge? Answer. No. Int. 4. How far east of the highway crossing was the engine when the whistle was blown and the bell rung? Answer. Less than sixty rods. Int. 5. Was there a place on the highway between the opening in the hedge, one hundred thirty-four feet north of the track and plaintiff's residence, at which plaintiff could have known of approaching train if she had looked and listened? Answer. Yes." The grounds of the motion for a judgment on the special findings were stated as follows: "(1) The special findings are manifestly inconsistent with the general verdict, and in direct conflict therewith. (2) That the special findings, taken in connection with

the pleadings, show conclusively that the defendant is entitled to judgment. (3) The special findings of the jury show affirmatively facts which defeat plaintiff's right of recovery. (4) The special findings affirmatively show the plaintiff to have been guilty of negligence contributing to, the injury complained of."

Section 1 of chapter 104 of the Acts of the Twentieth General Assembly requires that a bell and a steam whistle be placed on each locomotive engine operated on any railway in this state, and that the whistle "be twice sharply sounded at least 60 rods before a highway crossing is reached, and after the sounding of the whistle the bell shall be rung continuously until the crossing is passed. * * *" The statement of the abstract in regard to the evidence, and the fourth special finding, show that this requirement was not observed, and that the defendant was in that respect negligent. When the special findings of a jury are inconsistent with its general verdict, the former control, and judgment may be rendered accordingly. Code, sections 2809, 2858. But it is only when the special findings are manifestly inconsistent with the general verdict that the latter can be set aside, and judgment be rendered on the former. *Johnson v. Miller*, 82 Iowa, 697 (47 N. W. Rep. 903), and (48 N. W. Rep. 1081); *Conners v. Railway Co.*, 71. Iowa, 492 (32 N. W. Rep. 465); *Coffman v. Railway Co.*, 90 Iowa, 462 (57 N. W. Rep. 955). Ordinarily, it is the duty of a person about to cross a railway track to look for an approaching train, or if the view be obstructed, to listen for it at a reasonably safe distance from the crossing, and the failure to do so is negligence. *Schaefert v. Railway Co.*, 62 Iowa, 626 (17 N. W. Rep. 893); *Haines v. Railroad Co.*, 41 Iowa, 231); *Nixon v. Railway Co.*, 84 Iowa, 331 (51 N. W. Rep. 158). But there are exceptions to this rule. It was said in the case last cited that "the traveler may be placed, without

his fault, in some dilemma, some place of danger, where the exigencies of his situation and an emergency may excuse him for going on the track without looking and listening."

The special findings show that there was a place on the highway, between the opening in the hedge, one hundred and thirty-four feet north of the track, and the plaintiff's residence, at which she could have known of the approaching train had she looked and listened for it, but the distance of that place from the track is not shown. It may have been so far away that reasonable prudence did not require the plaintiff to look and listen there. It cannot be said, as a matter of law, that she was negligent in not looking or listening for the train before she reached the opening in the hedge near the track. The fact that it would have been possible for the plaintiff to have seen or heard the approaching train before she reached that opening, does not show that she was negligent in failing to look or listen for it. *Hamilton v. Railroad Co.*, 36 Iowa, 40. Facts which the special findings do not disclose may have shown that reasonable care on her part did not require her to do either. The court charged the jury at considerable length in regard to the care which the plaintiff was required to prove that she had exercised to entitle her to recover, and the general verdict shows that the jury found that she did not, by her negligence, contribute to the accident. In our opinion, the special findings do not show that she was negligent. It may be that the evidence showed that she was, but, if so, it did not authorize a judgment against her on the special findings, but only a new trial. We conclude that the district court erred in sustaining the motion of the defendant for judgment. —REVERSED.