Sarah McCornack, Appellant, v. C. B. Pickrell, now Russell Weidner, Executor, Appellee.

No. 45780.

February 10, 1942.

Gibson, Stewart & Garrett, Wendell B. Gibson, Matthew J. Heartney, Jr., Thos. E. Mullen, and Anderson & Werner, for appellee.

O. M. Slaymaker, R. E. Killmar, and D. D. Slaymaker, for appellant.

WENNERSTRUM, J.—The appeal now before this court is the third one in connection with this case. In the prior instances we passed upon two issues ·raised in the respective appeals. After our second opinion was filed defendant presented in the district court an amendment to a prior motion to dismiss and for judgment. This motion was sustained and plaintiff has appealed.

The accident that occasioned this litigation occurred on September 7, 1935. The original petition was filed on July 12, 1937. The facts and circumstances of the accident are more particularly set out in the first two opinions to which reference will be made later.

The original action was brought on the theory that the plaintiff was a passenger in the Pickrell car for hire, and this theory and issue was submitted to a jury at the first trial and a verdict was returned for the plaintiff. Upon appeal to this court the district court was reversed and we held that under the evidence the plaintiff was not a passenger for hire and that the driver of the Pickrell car had to be guilty of recklessness before the plaintiff could recover. This first opinion was filed February 7, 1939, and is found in 225 Iowa 1076, 283 N. W. 899.

Thereafter the plaintiff amended her petition and alleged in an additional count that the driver was reckless in the operation of the Pickrell car at the time plaintiff was injured. The defendant, Pickrell, filed a demurrer to this new and additional count and asserted that any claim as to the reckless operation of the automobile was barred by the statute of limitations. The district court sustained this demurrer and the plaintiff refused to plead further in relation to this particular count of the petition and it was thereafter dismissed. Plaintiff again appealed to this court and the action of the district court in sustaining the demurrer was affirmed in an opinion filed November 19, 1940, which is found in 229 Iowa 457, 294 N. W. 746. Procedendo was issued by reason of our second opinion on December 21, 1940, and was filed in the district court on December 23, 1940. There was no petition for rehearing filed.

On or about January 25, 1940, and after defendant had demurred to count II of plaintiff's petition, defendant filed

a motion to dismiss count I of the original petition. It should be noted that the demurrer to count II of the petition, which was passed on by us in the second appeal, was filed on January 17, 1940. In the motion to dismiss and for judgment, it was asserted that plaintiff had committed herself by her testimony in the original trial, which testimony was held insufficient to afford a recovery, and only by a denial of her testimony given in the first trial could any other or different verdict be reached. The district court acting through Judge Homer A. Fuller on January 25, 1940, sustained the demurrer heretofore referred to and also on that date overruled the defendant's motion to dismiss. In connection with the court's ruling relative to the original motion to dismiss it made the following statement:

"I think the ruling on the last motion will be that the motion is overruled at this time and the cause will be continued in this Court pending the appeal in the Supreme Court on the ruling that has been made this morning on the motion as to Count II. If the Supreme Court sustains the lower Court here, why, of course, then would come the opportune time to dismiss the entire action unless some further showing was made to warrant its trial."

Thereafter on March 2, 1941, after our opinion had been filed in the second appeal and procedendo had been issued thereon, the defendant filed an amendment to his original motion to dismiss and for judgment setting forth the facts as to the two particular grounds of action upon which defendant had sought recovery and further alleged that both of these grounds had been passed upon by this court in connection with the two previous appeals. Defendant further alleged in his amendment to motion to dismiss and for judgment that any evidence on a new trial seeking to change the relationship of the parties as disclosed by the facts presented in the two previous appeals would of necessity be contradictory to the original positions taken and would merely constitute an invitation to the litigant to produce possible false testimony on retrial. Defendant as a further ground of his amended motion to dismiss alleged that plaintiff had not been diligent in the prosecution of this case

and had refused to take any action relative to it and had refused to resist the amendment to the motion and did not require the cause to be noted for trial. On the 27th of March, 1941, the amended motion to dismiss and for judgment was presented to the court, and after a hearing thereon an order was entered dismissing the case and further providing for judgment against the plaintiff for costs. As heretofore noted plaintiff has appealed from this order of dismissal and from the judgment that the court directed should be entered.

It is the contention of the appellant that the trial court erred in dismissing plaintiff's case and in rendering judgment against her for costs, thereby preventing her from having another trial on count I of her petition, for the following reasons: (1) That when this case was reversed on the first appeal, 225 Iowa 1076, 283 N. W. 899, this court remanded the same for a new trial and did not order that the case be reversed without the plaintiff having a new trial; (2) that the failure, if any, of plaintiff's attorneys to bring this case on for trial between December 23, 1940, and March 27, 1941, was not such a failure to prosecute as would entitle the defendant to have the action dismissed; (3) that the defendant could have brought said action on for trial between December 23, 1940, when the procedendo was filed in the district court, and March 27, 1941, when the motion to dismiss was sustained, by filing on his own behalf a trial notice and having the case set down for trial in the district court; (4) that the record in this case failed to show any inattention on the part of the plaintiff which would entitle the defendant to have this case dismissed in the district court; (5) that under the whole record plaintiff is entitled to have this case again tried and she desires to have such trial. That she has more evidence which she can produce and that such evidence, she believes, will entitle her to have the case submitted to the jury, under her claim that she was a paid passenger in the defendant's automobile.

It will thus be observed that the main contention made on behalf of plaintiff is that she has more evidence which she can produce and that such evidence, she believes, will entitle her to have the case submitted to the jury, under her claim that she

was a paid passenger in the defendant's automobile. The contention that the plaintiff was a paid passenger was the basis upon which the original case was submitted to the jury and it is now her claim that in denying her the right to present the new and additional evidence and in sustaining the motion to dismiss and for judgment the court was in error.

It should be kept in mind that the accident that brought about this litigation occurred on September 7, 1935. Plaintiff's original petition wherein she claimed that she was a passenger for hire in the Pickrell car was filed on July 12, 1937, and the record shows that on October 26, 1937, the jury returned a verdict in plaintiff's favor. It was from the judgment entered on this verdict that the first appeal was taken. The record also shows that on March 30, 1939, plaintiff filed her additional count which has been referred to as count II of the petition wherein she alleged recklessness on the part of the driver. At no time prior to the filing of briefs and arguments on behalf of the plaintiff in this court had she indicated that she had new and additional evidence on her claim that she was a paid passenger in defendant's automobile. It should also be kept in mind that this claim was not alleged in any resistance to the motion to dismiss which might have been considered by the district court. The order of dismissal from which appeal is taken, as disclosed by the record, states in part, that "this cause came on for hearing before the Court upon the Motion to Dismiss and for Judgment filed herein, as amended, renewed and submitted for reconsideration by the defendant, and after being assigned for hearing and after notice to all counsel of record. * * * and Counsel for plaintiff is not present in Court and no resistance to said Motion has been filed."

The plaintiff had an opportunity to present her allegation to the district court that she had additional and new evidence to support her claim that she was a paid passenger in defendant's automobile and her failure to do so and to raise this question in the lower court leaves no matter for review upon this question by this court. It has been our universal holding which needs no citation of authorities that an issue or contention not raised in the lower court cannot be considered on appeal.

We think the comments made in Stoner v. First American Fire Ins. Co., 220 Iowa 984, 994, 263 N. W. 46, 51, are applicable. It is there stated:

"We think it is about time this litigation is stopped. * * *

"Every possible question has been litigated; the defendant was entitled to a directed verdict below on the ground set out herein."

Another case that bears somewhat upon the situation that is before us is found in City Bank v. Radtke, 92 Iowa 207, 211, 60 N. W. 615, 617, where we said:

"The plaintiff had been given a fair trial, and had fully presented its case. There was no claim that it desired to, or could, make a different showing on another trial, and we are of the opinion that the district court did not err in rendering the judgment after the appeal, which should have been rendered before it was taken."

It is true that the plaintiff contends in this court for the first time that she has new and additional evidence to support her claim as to the first count of her petition but it appears to us that the plaintiff is remiss in her duty to the trial court and to this court in awaiting close to three years from the filing of our first opinion to assert that she had this additional evidence. Litigants have a duty to see that issues are promptly raised and brought before the proper tribunal for consideration.

As bearing upon the dismissal of plaintiff's action and the entry of judgment against her, see First Savings Bank v. Edgar, 199 Iowa 1136, 1142, 199 N. W. 1011; McCarl v. Clarke County, 167 Iowa 14, 26, 148 N. W. 1015, and cases cited.

█ Plaintiff appellant calls our attention to the fact that in the first appeal of this case, 225 Iowa 1076, 283 N. W. 899, our opinion merely provided for a reversal. In this connection plaintiff's counsel cites the case of Landis v. Interurban Ry. Co., 173 Iowa 466, 154 N. W. 607, where after reversal a motion for judgment was sustained and on appeal the ruling sustaining the motion for judgment was reversed. Our attention has also been called to Owens v. Norwood-White Coal Co., 181 Iowa 948, 165 N. W. 177, where after an original reversal the plaintiff

had the cause reassigned for trial and the defendant moved for judgment which was sustained and this ruling was reversed by us on appeal.

We are also referred to the case of Taylor v. Burgus, 221 Iowa 1232, 1236, 262 N. W. 808, 810, where we said:

"It is fundamental that a general order of reversal cancels the district court judgment and sends the case back for a full retrial of the entire case. [Citing cases.] Under such circumstances the case stands for retrial the same as though there has been no former trial."

In each of these cases the factual situations are not at all similar to the record that has been presented to us on this appeal.

Upon the whole record we conclude that the district court was correct in sustaining the motion to dismiss and for judgment and it is therefore affirmed.—Affirmed.

HALE, MILLER, SAGER, and STIGER, JJ., concur.

OLIVER, J., and BLISS, C. J., and GARFIELD and MITCHELL, JJ., dissent.

OLIVER, J. (dissenting)—I respectfully dissent.

In Bruce v. Galvin, 183 Iowa 145, 147, 166 N. W. 787, 788, we said:

" * * * We are committed, however, to the proposition that, upon the reversal of a judgment on appeal of a law case because of insufficient evidence, the cause goes back to the lower court for a retrial, if either party demands it, unless it clearly appears from the record that, under no conceivable state of proof applicable to the issues, can the party against whom the reversal is ordered be entitled to judgment in his favor."

That this is the settled rule is apparent from various cases set out in the Iowa Digest of West Publishing Company, section 1210 (1), Appeal and Error. Measured by this test, it does not appear that under no conceivable state of proof could plaintiff prevail upon retrial. I do not think City Bank v.

Radtke, 92 Iowa 207, 60 N. W. 615, is factually in point. The other cases cited in support of the majority opinion are reversals with orders to dismiss made by the Supreme Court.

The proposition will be simplified, if it be remembered that the second appeal was from a ruling upon a demurrer to an additional count in the petition. That appeal had no direct bearing upon the original petition. Therefore, the case should be now considered in the light of the first appeal only. In that appeal the judgment was reversed but the Supreme Court did not order the case dismissed. Obviously, it may not be inferred that this court was then of the opinion that no retrial should be permitted. The effect of the majority opinion is to now engraft that upon the first decision.

It is not contended the dismissal was sanctioned by any local court rules concerning delay in prosecution. Nor is it suggested that the dismissal was based upon the statutory ground of disobedience of any order of court concerning the pleadings or any proceeding in the action.

Nor do I know of any rule requiring plaintiff to resist the motion to dismiss by pleading an allegation that "she had new and additional evidence to support her claim." There is no statutory warrant for such pre-trial procedure. With due respect to the majority opinion it appears to me to be necessarily based upon generalities rather than legal principles or precedents.

Bliss, C. J., and Garfield and Mitchell, JJ., join in this dissent.